# United States Court of Appeals for the Sixth Circuit

### MOTION UNDER 28 U.S.C. § 2244 FOR LEAVE TO FILE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION UNDER 28 U.S.C. §2254 BY A PERSON IN STATE CUSTODY

Case Number (to be provided by the court): 24-5287

Name: In re: Quincy Cross

Prisoner Number: KY DOC 156845

Place of Confinement: Southeast State Correctional Complex

## Instructions

(1) **Purpose.** Use the attached form to file a motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive petition under 28 U.S.C. § 2254.*

  \*  If the district court transferred your petition or motion to this court and you do not feel that you should be required to obtain prior authorization, you must still complete this form. You may, however, attach an additional statement explaining to the court why you oppose the transfer.

(2) **Form.** You must answer all questions completely and concisely in the proper space on the form. Attach additional pages if necessary to list all of your claims and the facts upon which you rely to support those claims. Your failure to provide complete answers may result in the court of appeals denying your motion for authorization.

(3) **Standard of Review.** In accordance with the Antiterrorism and Effective Death Penalty Act of 1996, as codified at 28 U.S.C. § 2244(b), before authorization to file a second or successive petition can be granted by the United States Court of Appeals, the movant must make a prima facie showing that he or she satisfies either of the following conditions found in 28 U.S.C. § 2244(b)(2):

- (A) The claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; **or**

- (B)(i) The factual predicate for the claim could not have been discovered previously through the exercise of due diligence; **and**

    (ii) The facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

    Pursuant to 28 U.S.C. § 2244(b)(1), the court will not consider claims that were presented in a prior 28 U.S.C. § 2254 petition.

(4) **Attestation.** You must sign the motion at the end of page 9. Failure to sign the motion for authorization may result in the court of appeals denying your motion.

(5) **Copies.** If they are reasonably available, you must file with your motion the magistrate judge's report and recommendation and the district court's opinion from your prior 28 U.S.C. § 2254 proceedings.

(6) **No Filing Fee.** There is no fee for filing a motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive petition under 28 U.S.C. § 2254.

(7) **Filing.** When this motion for authorization is fully completed, **mail the original (with all documents attached) to the below address**. The court of appeals will serve your motion and attachments on the appropriate state Attorney General using the electronic case filing (ECF) system.

Sixth Circuit Court of Appeals<br>
Clerk's Office<br>
Room 540, Potter Stewart U.S. Courthouse<br>
100 E. Fifth Street<br>
Cincinnati, OH  45202

# MOTION UNDER 28 U.S.C. § 2244 FOR LEAVE TO FILE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY

## A. STATE COURT PROCEEDINGS

1. (a) Name and location of the court that entered the judgment of conviction under attack:

   Graves Circuit Court, Mayfield, Kentucky

   1102 Paris Road, Suite 21, Mayfield, KY 42066

   (b) Case number: 07-CR-00060 (transferred to Hickman Circuit Court for trial 08-CR-00001)

2. Date of judgment of conviction: 05/21/2008

3. Length of sentence: Life without the possibility of parole

4. Offense or offenses for which you were convicted:

   KIDNAPPING-VICTIM DEATH; MURDER; SODOMY, 1ST DEGREE

   RAPE, 1ST DEGREE; ABUSE OF CORPSE; TAMPERING WITH PHYSICAL EVIDENCE

5. Did you appeal the conviction and sentence?  YES [✓]   NO [ ]

6. If you appealed, give the name of court, the result, and the date of the result:

   Supreme Court of Kentucky, affirmed, 3/18/2010

## B. PRIOR FEDERAL HABEAS CORPUS PROCEEDINGS

7. Have you previously filed a habeas corpus petition or other application for collateral relief **in any federal court** related to this conviction and sentence?

   YES [✓]   NO [ ]   If "yes," how many? 1

   If more than one, attach a separate page providing the information required in items 7(a) through 7(g) for the additional petitions, applications, or motions.

As to the **first** federal petition, give the following information.

(a) Name of court: U.S. District Court for the Western District of Kentucky

(b) Case number: 5:15-cv-00158-BJB-LLK

(c) Nature of proceeding: 28:2254 Petition for Writ of Habeas Corpus (State)

(d) Claims raised (list **all** claims, using extra pages if necessary):
See attached document of pro se claims and the Magistrate's recognized claims.

(e) Result and date of result: On April 22, 2020, the Magistrate's Recommendation provided that all claims were without merit, but recommended a certificate of appealability. On August 19, 2022, the judge issued an Opinion and Order denying relief and rejecting the recommendation of a certificate of appealability.

(f) Did you appeal?    YES [ ]    NO [✓]

(g) If you appealed, give the result and the date of the result:

## C. Proposed Claims in Current Motion for Authorization

8. State concisely the claim (or claims) that you **now** wish to raise. Summarize briefly the facts supporting each ground.

   **Claim One**: Actual innocence based on newly discovered evidence of state mis-conduct for knowingly using perjured testimony.

   Supporting **FACTS** (tell your story briefly without citing cases or law):

   See attached.

   Was this claim raised in a prior federal petition, application, or motion?

   **YES** ✓     **NO** ☐

   Does this claim rely on a "new rule of constitutional law"?     **YES** ☐     **NO** ✓

   If "yes," state the new rule of law (give case name and citation):

Does this claim rely on newly discovered evidence?   YES ✓   NO ☐

If "yes," briefly state the new evidence and why it was not previously available:

Additional recantations detailing payments to witnesses and police threats and coercion were obtained since the August 19, 2022 decision. Additionally, the Galbreath emails were produced to Mr. Cross' post-conviction counsel by a media outlet on December 15, 2022.

**Claim Two**: _____

_____

_____

_____

Supporting **FACTS** (tell your story briefly without citing cases or law):

_____

_____

_____

_____

Was this claim raised in a prior federal petition, application, or motion?

   YES ☐    NO ☐

Does this claim rely on a "new rule of constitutional law"?

**YES** ☐    **NO** ☐

If "yes," state the new rule of law (give case name and citation):

_____

_____

_____

_____

Does this claim rely on newly discovered evidence?    **YES** ☐    **NO** ☐

If "yes," briefly state the new evidence and why it was not previously available:

_____

_____

_____

_____

**Claim Three**: _____

_____

_____

_____

_____

Supporting **FACTS** (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

Was this claim raised in a prior federal petition, application, or motion?

**YES** ☐   **NO** ☐

Does this claim rely on a "new rule of constitutional law"?   **YES** ☐   **NO** ☐

If "yes," state the new rule of law (give case name and citation):

_____

_____

_____

_____

Does this claim rely on newly discovered evidence?   **YES** ☐   **NO** ☐

If "yes," briefly state the new evidence and why it was not previously available:

_____

_____

_____

_____

**Additional claims may be asserted on additional pages if necessary**.

9. Do you have any motion or appeal now pending in any federal court as to the judgment now under attack?  YES ☐  NO ☑

If "yes," name of court and nature of proceeding: _____

_____

_____

_____

Case number: _____

Wherefore, movant asks the United States Court of Appeals for the Sixth Circuit to grant an order authorizing the district court to consider the movant's second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. I declare under penalty of perjury that my answers to all the questions in this motion for authorization are true and correct.

Executed on 4/29/2024
(Date)

/s/ Miranda Hellman, Counsel for Movant
Movant's Signature

August 17, 2015, *Pro Se* Petition

1. Prosecutorial misconduct for dumping documents prior to trial;
2. Incomplete/improper jury instructions preventing defense;
3. Error in denying directed verdict on the charges of capital kidnapping and rape in the first degree;
4. Improper entry of a bible in jury deliberation;
5. A sentence of death for capital kidnapping is disproportional punishment and unconstitutional;
6. Convictions for capital kidnapping and murder violate double jeopardy;
7. Consideration of death penalty aggravator for capital kidnapping violated the Eighth Amendment; and
8. Actual innocence.

Claims as recognized in the April 22, 2020 Magistrate's Decision

1. Actual innocence based on newly discovered evidence of state mis-conduct for knowingly using perjured testimony;
2. Trial counsel was ineffective for failure to investigate and present an "alternative perpetrator" defense and due to the cumulative effect of their ineffectiveness; and
3. Directed verdict of acquittal was proper on the capital kidnapping and first-degree rape charges.

Due to ineffective assistance of counsel and fraud on the part of the prosecution, the jury never heard the ample evidence of the unsavory law enforcement investigation—including payments made by law enforcement to key witnesses, and the untruthful and fraudulent testimony of law enforcement and the key witnesses about those payments. Several key witnesses against Petitioner, have recanted their testimony since trial and implicated law enforcement in pressuring and outright threatening them to testify for the prosecution, and regarding receiving payment for their statements and/or testimony. This evidence was produced in Petitioner's initial habeas petition.

The prosecution went to great lengths to conceal information from Petitioner, as well as producing tens of thousands of pages of documents throughout the mere eleven months from indictment to trial. Finally, Petitioner has shown that information and communication between law enforcement and the prosecution with Susan Galbreath—an invested private citizen investigator who assisted law enforcement with its investigation of Petitioner—was relevant and suppressed. This is the evidence that was the subject of Petitioner's current Rule 60(b) Motion and the subject of this action before the Sixth Circuit Court of Appeals.

Counsel for Petitioner has simultaneously filed a Memorandum in Support of Petitioner's Response To Notice And Motion Under 28 U.S.C. § 2244 for Leave to File a Second or Successive Habeas Corpus Petition under 28 U.S.C. §2254 by a Person in State Custody.